CHENKIN v. LIPMAN.

(Supreme Court, Appellate Division, First Department. May 20, 1910.)

BROKERS (§ 86*)—COMMISSIONS—SUFFICIENCY OF EVIDENCE.

 In a broker's action for commissions on an exchange of real estate, evidence *held* insufficient to sustain a judgment for plaintiff.

 [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Trial Term, New York County.

Action by Barnet Chenkin against Max Lipman. From the judgment and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Lachman & Goldsmith (Samson Lachman, of counsel, and Theodore Bauermeister, on the brief), for appellant.

Jacob Manheim, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARKE, J. This was an action by a real estate broker to recover for commissions upon an exchange of real property. The transaction was never completed. The broker claims his commissions upon the ground that he had brought the parties together, and that there had been a complete meeting of the minds upon the exchange, and that therefore his commissions were then earned.

For the purpose of a basis of exchange, the defendant Lipman's property was valued at $115,000 and Roses' property at $65,000. There were outstanding mortgages on both properties, and it seems to be conceded that upon the exchange Roses was to give to Lipman $4,000 in cash, a mortgage of $4,000 upon certain other property owned by him, and a promissory note for $500, which was to be given to the broker in part payment of his commission, making in all $8,500.

Upon all the evidence we reach the conclusion that there was in existence upon Roses' property a first mortgage of $43,000; that he had owned a second mortgage made to him of $15,000 which had been reduced to $12,000; and that at the time of the negotiations had between himself, Lipman, and the broker, they all supposed that second mortgage was still valid and in existence, and it was taken into consideration upon these preliminary negotiations as such existing and valid mortgage, so that when the property should be transferred to Lipman he would take it subject to these two mortgages. When the parties met at the office of the attorney for the purpose of preparing and executing the necessary papers, and after the preliminaries had been gone through with, the attorney for Mr. Roses came in and informed the gathering that, by reason of the fact that Roses had purchased this property, the second mortgage thereby merged and no longer existed. Roses appeared to be no less surprised than Lipman. Thereupon Lipman was urged to give his bond and mortgage for the amount supposed to have been covered by said second mortgage, which he positively refused to do, upon the ground that he had not understood or agreed to become personally liable for any such sum and in any such way, and thereupon the negotiations ended.

Upon the trial the plaintiff and Roses testified that Lipman had agreed to give a second bond and mortgage on Roses' property if the title was transferred to him; but we are satisfied from the testimony of Lipman, Rozalsky, and Goldsmith, as well as from the inherent probabilities of the case, as presented, that the verdict based upon that contention is against the weight of evidence; that the parties were dealing in their preliminary negotiations upon the basis of an existing mortgage which none of them had the slightest idea had merged until informed of that fact at the lawyer's office, and that therefore the minds of the parties never met upon the existing state of facts, and that the plaintiff is not entitled to recover from Lipman the commissions prayed for.

It follows that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.